1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE PATRICK WOODARD,

                    Petitioner,

v.

PATRICK R. GLEBE,

                    Respondent.

CASE NO. C16-5333 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

        This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 13), and

Petitioner's objections to the R&R (Dkt. 14). The Court denies Petitioner's objections

and adopts the R&R for the reasons stated herein.

### I. BACKGROUND

        Petitioner challenged his Lewis County Superior Court convictions and sentence

by direct appeal on seven grounds for relief. Dkt. 10, Exs. 8, 10. The Court of Appeals of

the State of Washington reversed Petitioner's second degree child molestation conviction

and affirmed his remaining convictions. Dkt. 10, Ex. 11. On October 9, 2012, the

Washington State Supreme Court denied Petitioner's petition for review. *See* Dkt. 10,

1   Exs. 12, 13. On December 6, 2012, the Court of Appeals issued its mandate. Dkt. 10, Ex.

2   14.

3         On December 5, 2013, Petitioner filed a personal restraint petition ("PRP"). Dkt.

4   10, Exs. 16. Petitioner's PRP was denied by the Court of Appeals. Dkt. 10, Ex. 20.

5   Petitioner sought discretionary review from the Washington State Supreme Court. On

6   March 25, 2016, the motion for discretionary review was denied with comment. Dkt. 10,

7   Exs. 21, 22. On June 1, 2016, Petitioner's motion for reconsideration was denied without

8   comment. Dkt. 10, Exs. 23–25.

9         On May 3, 2016, Petitioner filed his petition for writ of habeas corpus. Dkt. 1-3.

10  Petitioner raises four grounds in which he argues that the Washington State Courts'

11  adjudication of his PRP was contrary to, or an unreasonable application of, clearly

12  established federal law. Dkt. 1-1 at 1. On June 23, 2016, the Respondent filed a response.

13  Dkt. 9. On July 18, 2016, Petitioner replied. Dkt. 11.

14        On September 2, 2016, Judge Christel issued the R&R recommending that the

15  Court deny (1) the petition on the merits, (2) Petitioner's request for an evidentiary

16  hearing, and (3) a certificate of appealability. Dkt. 13. On September 16, 2016, Petitioner

17  objected to the R&R. Dkt. 14.

18  **II. DISCUSSION**

19        The district judge must determine de novo any part of the magistrate judge's

20  disposition that has been properly objected to. The district judge may accept, reject, or

21  modify the recommended disposition; receive further evidence; or return the matter to the

22  magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

1    Under 28 U.S.C. § 2254(d)(1), habeas relief from a state court conviction is

2  merited if the adjudication "resulted in a decision that was contrary to, or involved an

3  unreasonable application of, clearly established Federal law, as determined by the

4  Supreme Court of the United States." A state decision contravenes clearly established

5  federal law if it either (1) arrives at a conclusion opposite to that reached by the Supreme

6  Court on a question of law, or (2) confronts facts "materially indistinguishable" from

7  relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*,

8  529 U.S. 362, 405 (2000).

9  **A.    Admission of Expert Testimony and Physical Evidence**

10   Petitioner objects to Judge Christel's determination that the admission of certain

11  expert testimony and physical evidence did not rise to the level of a constitutional

12  violation. Dkt. 14 at 1–14. The Court finds that Judge Christel's conclusions were

13  correct. *See* Dkt. 13 at 13–14.

14   Petitioner cannot obtain habeas relief based on the fact that an expert witness, Ms.

15  Wahl-Hermosillo, testified that a physical examination of M.P. was inconclusive of rape,

16  sex, or "victimization." Even if the expert had testified that M.P. was indeed raped or

17  victimized, Petitioner would not be entitled to relief. Habeas relief is not warranted where

18  an expert witness testifies that a victim suffered a particular harm, such as rape or

19  homicide, without testifying that the defendant caused the harm. *See Moses v. Payne*, 555

20  F.3d 742, 761–62 (9th Cir. 2008). Ms. Wahl-Hermosillo did not testify that Petitioner

21  was responsible for inflicting harm on M.P.

22

1    Next, Petitioner cannot obtain habeas relief on the fact that Ms. Wahl-Hermosillo

2    referenced a study on pregnant teenage girls showing that it was possible, if not common,

3    for physical examinations to provide normal findings, inconclusive of "blunt penetrating

4    trauma." As Judge Christel properly observed, "Petitioner has not identified, nor can the

5    Court find, any clearly established federal law holding evidence of this type was

6    inadmissible in state criminal trials." Contrary to Petitioner's argument, under federal

7    law, such evidence appears admissible. *See Domingo ex rel. Domingo v. T.K.*, 289 F.3d

8    600, 605-06 (9th Cir. 2002) ("[T]estifying experts may also show the validity of their

9    theory by . . . point[ing] to some objective source—a learned treatise, the policy

10   statement of a professional association, a published article in a reputable scientific journal

11   or the like . . . .").

12   Nor can Petitioner obtain habeas relief on the ground that the trial court should not

13   have admitted the "rape kit" of M.P. and the underwear worn during the assault.

14   Although Petitioner complains that neither M.P. nor the expert witness could

15   independently identify the underwear, a clear chain of custody provided "sufficient proof

16   so that a reasonable juror could find that the items in the bag [we]re in substantially the

17   same condition as when they were seized." *United States v. Harrington*, 923 F.2d 1371,

18   1374 (9th Cir. 1991) (quotation omitted). *See* Dkt. 13 at 14–15. To the extent Petitioner

19   complains of minor "gaps" in the chain of custody for testing, "[t]he possibility of a break

20   in the chain of custody goes only to the weight of the evidence." *United States v. Solorio*,

21   669 F.3d 943, 954 (9th Cir. 2012) (quoting *Harrington*, 923 F.2d at 1374).

22

1  **B.      Ineffective Assistance of Counsel**

2          Petitioner objects to Judge Christel's conclusion that Petitioner received adequate

3  assistance of counsel. Dkt. 14 at 14–35. However, as explained below, Judge Christel

4  properly found that the Washington State Court of Appeals and Supreme Court

5  reasonably applied the test from *Strickland v. Washington*, 466 U.S. 668 (1984), when

6  evaluating Petitioner's claims for ineffective assistance of counsel.

7          First, the Court notes that the decision by Petitioner's counsel not to call an expert

8  medical witness was not ineffective assistance of counsel.

9          *Strickland* does not enact Newton's third law for the presentation of
           evidence, requiring for every prosecution expert an equal and opposite
10         expert from the defense. In many instances cross-examination will be
           sufficient to expose defects in an expert's presentation.

11  *Harrington v. Richter*, 562 U.S. 86, 111 (2011).

12         In Petitioner's case, where two expert medical witnesses for the state offered

13  inconsistent evaluations—one revealing signs of injury and the other revealing no such

14  signs—"Petitioner's trial counsel cross-examined [the testifying experts] on these

15  inconsistencies, and cited to these inconsistencies in his closing argument to argue they

16  created reasonable doubt." Dkt. 13 at 21–22 (citing Dkt. 10, Ex. 5 at 51–58; Ex. 6 at 108–

17  09). Like defense counsel in *Harrington*, Petitioner's "attorney represented him with

18  vigor and conducted a skillful cross-examination." *Harrington*, 562 U.S. at 111. It was

19  therefore reasonable for the Washington State Courts to find that Petitioner failed to show

20  any deficiency in his counsel's performance.

21

22

1   Second, it was not ineffective assistance of counsel for Petitioner's attorney to

2   decide against impeaching James Barnes with the declaration Barnes submitted in an

3   attempt to be removed from the State's witness list. "Mere criticism of a tactic or strategy

4   is not in itself sufficient to support a charge of inadequate representation." *Gustave v.*

5   *United States*, 627 F.2d 901, 904 (9th Cir. 1980). The record shows that Barnes's

6   previous declaration had little impeachment value on its own, and no value at all when

7   combined with the information before the jury that was far more damaging to Barnes's

8   general credibility. Dkt. 13 at 24–25 (citing Dkt. 10, Ex. 5 at 62, 66–67, 79). Focusing on

9   the declaration to attack Barnes's credibility in general would have added nothing to

10  strengthen Petitioner's defense. Judge Christel properly concluded that "the Court cannot

11  say trial counsel's decision not to attempt to impeach Mr. Barnes with his prior

12  declaration was not a reasonable trial strategy." Dkt. 13 at 24–25.

13      Third, Petitioner cannot obtain habeas relief for his counsel's failure to object to

14  the testimony of Ms. Wahl-Hermosillo. As discussed above, Petitioner has failed to show

15  that Ms. Whal-Hermosillo's testimony about a study on pregnant teenagers was

16  improperly admitted. Moreover, even if Ms. Wahl-Hermosillo's testimony describing

17  forceful sex as "victimization" was improper, Petitioner cannot demonstrate how Ms.

18  Whal-Hermosillo's testimony could have prejudiced his defense when she neither

19  expressly nor impliedly indicated that Petitioner was guilty. In fact, Ms. Whal-

20  Hermosillo's testimony was favorable to the defense—she stated that her physical

21  examination of M.P. revealed no conclusive signs that M.P. was raped or "victimized."

22  Had the trial court excluded Ms. Whal-Hermosillo's testimony, or had Ms. Whal-

Hermosillo otherwise been corrected or discredited before the jury, it would have strengthened the prosecution's case.

Fourth, Petitioner cannot obtain habeas relief for an alleged failure by his counsel to object to the admission of the rape kit and M.P.'s underwear. In fact, Petitioner's counsel successfully and repeatedly objected to the admission of such evidence until the prosecution established a convincing chain of custody. *See* Dkt. 10, Ex. 4 at 177; Ex. 5 at 153, 155. As discussed above, such evidence was properly admitted based on the chain of custody established by the prosecution.

Finally, Petitioner cannot obtain habeas relief on the ground that his counsel did not to object to statements in the prosecution's closing argument. Whether to object during a closing argument, "absent egregious misstatements," falls within the wide range of permissible professional conduct of defense counsel. *United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993). While Petitioner complains about a statement by the prosecution that was technically inaccurate, *see* Dkt. 13 at 28, the prosecution's misstatement was neither egregious nor prejudicial. Therefore, Petitioner cannot show that his counsel's failure to object during closing argument constituted ineffective assistance of counsel.

**C.    Cumulative Error**

Petitioner also objects to Judge Christel's conclusion that Petitioner failed to show cumulative error arising to a contravention of clearly established federal law. However, Petitioner has failed to allege any errors related to one another so that, when combined, they might "amplify each other in relation to a key contested issue in the case." *See*

1   *Ybarra v. McDaniel*, 656 F.3d 984, 1001 (9th Cir. 2011). Moreover, the case against

2   Petitioner was strong. *See* Dkt. 13 at 31. Accordingly, even if Petitioner had established

3   any errors, the combined effect of those errors would not "infect the trial with unfairness

4   or render [Petitioner's] defense far less persuasive than it might otherwise have been."

5   *Ybarra*, 656 F.3d at 1001. Under such circumstances, Petitioner cannot obtain habeas

6   relief based on the cumulative effects doctrine.

7                                     **III. ORDER**

8         The Court having considered the R&R, Petitioner's objections, and the remaining

9   record, does hereby find and order as follows:

10         (1)     The R&R is **ADOPTED**;

11         (2)     Petitioner's request for a certificate of appealability is **DENIED**;

12         (3)     The Clerk shall enter judgment in favor of Respondent and close this case.

13   Dated this 8th day of December, 2016.

14

15                                       _____

16                                     BENJAMIN H. SETTLE

                                        United States District Judge

17

18

19

20

21

22